*United States v. Houpe*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> DENNIS JACOBS,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*

    v.                                    24-287

RAYQUANN HOUPE,

        *Defendant-Appellant.*

---

For Appellee:                     MICHAEL R. MAFFEI (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:       STEPHEN V. MANNING, Spears Manning & Martini, LLC, Southport, CT.

Appeal from a judgment of the United States District Court for the Eastern District of New

York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Rayquann Houpe ("Houpe") appeals from a January 25, 2024, judgment of the United States District Court for the Eastern District of New York (Brown, *J.*), convicting him of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) and sentencing him to 12 years in prison. Earlier in the criminal case, the district court permitted Houpe, after a competency evaluation, to proceed *pro se*, with Anthony LaPinta as standby counsel. Houpe eventually pled guilty but moved a month later to withdraw his guilty plea, a motion that the district court denied. We affirm because the district court did not abuse its discretion in denying Houpe's motion to withdraw after concluding that Houpe had not shown that either his confinement conditions or standby counsel's actions rendered his plea involuntary. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

\* \* \*

We review for abuse of discretion the denial of a motion to withdraw a guilty plea. *United States v. Overton*, 24 F.4th 870, 874 (2d Cir. 2022) (citation omitted). Under the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea between plea and sentence "if . . . the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2). As the text of the rule contemplates, the defendant bears the burden of establishing a basis for withdrawal. *United States v. Albarran*, 943 F.3d 106, 118 (2d Cir. 2019) (citation omitted). We have explained that "[t]he standard for withdrawing a guilty plea is stringent because 'society has a strong interest in the finality of guilty pleas, and allowing

2

withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice.'" *United States v. Doe*, 537 F.3d 204, 211 (2d Cir. 2008) (citation omitted). We have identified several factors to consider in the plea withdrawal inquiry, including whether the defendant alleges innocence, the time between plea and motion, and the prejudice to the Government. *Id.* at 210 (citation omitted).

Houpe first contends that his plea was involuntary because of the pandemic-era conditions at the federal Metropolitan Detention Center in Brooklyn, New York, which he says the district court should have considered against the backdrop of his evaluation during competency proceedings. We have held that "[w]here a motion to withdraw a plea is premised on involuntariness, the 'defendant must raise a significant question about the voluntariness of the original plea.'" *Id.* at 211 (citation omitted); *see id.* at 213 (describing a similar standard for whether to hold an evidentiary hearing on such a motion). And here we agree with the district court that Houpe has not raised such a question because his claims are conclusory. Houpe's competency evaluation found that he did not have "a mental disease or defect which renders him unable to understand the nature and consequences of the proceedings against him, and to assist properly in his defense." Confidential App'x at 10. Although the evaluator decided that Houpe might have an antisocial personality disorder, that diagnosis would not have made his plea involuntary or unknowing. And to the extent Houpe is suggesting that a dangerous pandemic affecting the entire nation renders even mentally competent prisoners' actions involuntary, we do not agree that Houpe has met his burden to establish this sweeping claim of duress.

Moreover, Houpe's claims about duress contradict his sworn testimony at the plea hearing. Houpe told the magistrate judge taking his plea that he was acting voluntarily and not under threat.

3

App'x at 187-88. We have long explained that sworn plea "testimony carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." *United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001). And a district court "need not hold [an evidentiary] hearing if the movant's allegations merely contradict his earlier statements made under oath at his plea allocution." *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997) (citation modified). Here, Houpe did not meet his burden of rebutting the "strong presumption of veracity" that accompanies a sworn plea allocution with something other than conclusory allegations. *Doe*, 537 F.3d at 213.

The second asserted basis for invalidating Houpe's plea is his claim that his standby counsel, Anthony LaPinta, did not ensure that he understood all the consequences of a plea. Houpe says that the district court "erred by not evaluating these assertions and by not holding an evidentiary hearing." Houpe Br. at 38. But Houpe's ineffective assistance argument fails for the reasons we articulated in *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997), which held that "[a]bsent a constitutional right to standby counsel, a defendant generally cannot prove standby counsel was ineffective." As in *Schmidt*, Houpe "waived [his] right to counsel and represented [himself]." *Id.*

Houpe argues that "the Court failed to recognize that Mr. LaPinta in fact acted in the capacity of Mr. Houpe's attorney *with respect to the written plea agreement and the guilty plea proceeding*." Houpe Br. at 47. He points to dicta in *Schmidt* in which we opined that "[p]erhaps in a case where standby counsel held that title in name only and, in fact, acted as the defendant's lawyer throughout the proceedings, we would consider a claim of ineffective assistance of standby counsel." 105 F.3d at 90. But *Schmidt* itself concluded that even when standby counsel in that

4

case conducted cross-examination and gave the defense summation, this was not enough to suggest standby counsel was so acting "in name only." *Id.* (noting also that "there is no constitutional right to hybrid representation of the kind defendant received here where she shared the duties of conducting her defense with a lawyer" (citation omitted)). Nor has Houpe provided any nonconclusory basis on which to conclude that LaPinta was ineffective, even assuming *arguendo* that *Schmidt*'s dicta has application, and that LaPinta stepped into the role of Houpe's counsel at some point. Invalidating a plea for ineffective assistance requires showing that (1) an attorney's legal performance was objectively unreasonable and (2) prejudice likely resulted. *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (citation omitted). Here, LaPinta's "performance as standby counsel was objectively reasonable." *Schmidt*, 105 F.3d at 90. He responded to the court's questions at the plea hearing and confirmed that he had read and reviewed the written plea agreement with Houpe; that agreement lists on the first page the minimum sentence of 10 years and the maximum sentence of life. App'x at 183; *see* Confidential App'x at 11. The magistrate judge taking Houpe's plea also stated the minimum and maximum sentences and then confirmed that Houpe understood the possible sentences. *See* App'x at 183-84. The record is devoid of indication that LaPinta failed to make Houpe aware of the consequences of the plea, despite Houpe's conclusory claims otherwise.

Finally, Houpe argues that the district court abused its discretion by (1) failing to afford sufficient weight to the favorable timing of Houpe's motion and (2) overweighting the degree of government prejudice. Again, we disagree. In terms of timing, the district court appeared to treat this factor as favoring Houpe, even though it did not expressly state as much. And as for prejudice, even assuming the prejudice factor weighed only slightly in the Government's favor, Houpe has still failed to demonstrate an abuse of discretion in the district court's overall

5

consideration of this and other factors.   Indeed, considered in light of the background interest in finality and Rule 11(d)(2)'s requirement of a fair and just reason for withdrawal, the record clearly supports the district court's weighing of the various factors, including the lack of any assertion of legal innocence and Houpe's failure to raise a significant question about voluntariness.   Because Houpe did not put forward a persuasive reason for withdrawing his plea, the district court did not abuse its discretion in denying his motion.

*     *     *

We have considered Houpe's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk